UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBBIE WALTERS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PEOPLE'S REPUBLIC OF CHINA,<br><br>        Defendant. | Miscellaneous No. 01-300<br>JDB/DAR |

**ORDER**

This action was referred to the undersigned United States Magistrate Judge to "consider this matter in its entirety, including determining whether the defendant has been appropriately served with process, examining the defendant's ability to pay the judgment," "plaintiffs' request for the provision of certain financial documentation by the defendant," and "any other issues that are appropriate." Order (Document No. 6) at 2. Counsel for Plaintiffs appeared before the undersigned at hearings conducted on March 6, 2012; April 26, 2012; February 13, 2013; and February 12, 2014. Defendant, the People's Republic of China, has not appeared in this action. *See* Notice (Document No. 10). Upon consideration of the submissions of counsel for Plaintiffs, the statements of interest of the United States, and the arguments made on the record at hearings before the undersigned, the undersigned now further addresses "plaintiffs' request for the provision of certain financial documentation by the defendant."[1]

---

[1] *See* Motion for Judgment Debtor Examination or, Alternatively, for Order Requiring Payment of Outstanding Judgment (Document No. 4); Plaintiffs' Notice of New Controlling Authority (Document No. 5); Statement of Interest of the United States (Document No. 9); Plaintiffs' Response to Statement of Interest of the United States (Document No. 11); Plaintiffs' Notice of New Relevant Authority (Document No. 13); Supplement to

Walters, et al. v. People's Republic of China                                                                                              2

The United States submits that "general-asset discovery is inconsistent with the narrow and circumspect discovery permitted against foreign states," and as authority, cites opinions of circuits other than the District of Columbia Circuit in support of its contention. Statement of Interest of the United States (Document No. 9) at 5-6; *see also* Supplement to the United States' Statement of Interest (Document No. 14); Notice of the United States Regarding Scheduled Hearing (Document No. 23). The United States Court of Appeals for the District of Columbia Circuit has not articulated such a limit on discovery in this context. In *FG Hemisphere Associates*, *LLC v. Democratic Republic of Congo*, the Circuit declined to "entertain" the government's argument that the district court's discovery order directed at the Democratic Republic of Congo was "overbroad because it [sought] information on property that is not subject to attachment or execution under the FSIA . . ." because the issue was not raised before the district court. 637 F.3d 373, 379 (D.C. Cir. 2011). However, in the context of reviewing a contempt sanction for failure to comply with the district court's discovery order, the Circuit observed that "the House Report to the FSIA demonstrates that Congress kept in place a court's normal discovery apparatus in FSIA proceedings." *Id.* at 378 (citation omitted).

Accordingly, the undersigned will permit Plaintiffs to serve their request for production of documents, *see* Plaintiffs' Supplemental Memorandum of Points and Authorities (Document No. 22), Exhibit A, on the People's Republic of China, with the exception of request numbers 7, 8, 9, 10, 13, 14, and 15, which shall be stricken as overbroad. The court, in an exercise of its discretion, has determined that these requests are broader than necessary to permit Plaintiffs to

---

the United States' Statement of Interest (Document No. 14); Plaintiffs' Second Notice of New Relevant Authority (Document No. 15); Second Supplement to the United States' Statement of Interest (Document No. 16); Plaintiffs' Supplemental Authority (Document No. 17); Plaintiffs' Supplemental Memorandum of Points and Authorities (Document No. 22); Notice of the United States Regarding Scheduled Hearing (Document No. 23).

Walters, et al. v. People's Republic of China                                                                                                      3

ascertain what assets are available to satisfy the judgment.  In addition, the undersigned will limit Plaintiffs' request number 16 to "[a]ll non-privileged documents, including communications, pertaining to enforcement of the Judgment entered against the PRC in [the underlying] case."

The People's Republic of China shall produce the requested documents to counsel for Plaintiffs by no later than April 15, 2014, and shall appear before the undersigned in Courtroom 4 of the United States District Court for the District of Columbia on Tuesday, May 6, 2014 at 10:00 a.m., for a judgment debtor examination.

The court's consideration of Plaintiffs' request for a finding of contempt, *see, e.g.*, Plaintiffs' Supplemental Memorandum of Points and Authorities at 13, is **STAYED** pending the May 6, 2014 hearing.

Counsel for Plaintiffs shall serve a copy of Plaintiffs' request for production of documents, and a copy of this order, upon the People's Republic of China in accordance with applicable federal law and international agreements.

It is, this 14th day of February, 2014,

**SO ORDERED**.

                                                                                              /s/
                                                                        DEBORAH A. ROBINSON
                                                                        United States Magistrate Judge